## HAYNE v. McINTIRE.

TRUSTS AND TRUSTEES ; FRAUDS ; LACHES.

Where the trustee in a deed of trust represented to the grantors therein, for whom he was also agent for renting, that for default in the payment of interest, he had foreclosed the trust and sold the property to one E. T., when in fact there had been no sale, and the grantee was a fictitious person fraudulently invented by him, and nine years elapsed before complainant discovered the fraud, it was *held* that the delay was not so unreasonable as to bar relief; *following* Pryor *v.* McIntire, *ante*, p. 417

No. 469. Submitted December 4, 1895.   Decided January 6, 1896.

HEARING on an appeal by the complainant from a decree dismissing a bill for an accounting, etc.   *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey, Mr. H. O. Claughton* and *Mr. W. W. Boarman* for the appellants.

*Mr. Enoch Totten* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is the last of the cases argued and submitted together with No. 465, *Pryor* v. *McIntire, ante,* p. 417.

This is the only one of the cases in which the property is admitted to have passed into the possession of a *bona fide* purchaser for a valuable consideration.

The bill does not seek to set aside the title of this purchaser, Alfred Brown, but prays for an account of the profits made by Edwin A. McIntire in the transaction, and a decree therefor, etc.

It appears that the property in question, being the eastern 13 feet of lot 31 in square 388 of the city of Washington, belonged to Laura Hayne, one of the complainants who is joined by her husband, Joseph E. Hayne.

As early as May, 1879, the property had been conveyed in trust to Edwin A. McIntire to secure a debt to one John E. Kendall. This was taken up September 7, 1881, with the proceeds of a new loan for the sum of $650, evidenced by a note for that amount to William T. Galliher, due in three years, and bearing interest at the rate of ten per cent. per annum, payable quarterly. Edwin A. McIntire was made trustee in the deed of trust to secure this note. William T. Galliher did not make the loan. His name was used by McIntire, who procured the money, and Galliher endorsed the note "without recourse" and left it with McIntire.

The complainants lived at the time, and do now, in the State of South Carolina. The property was improved, and Edwin A. McIntire had charge of the leasing of the same, on account of the complainants. He claims that the note

belonged to his sister, Addie McIntire, and that she directed the sale of the property in August, 1882, on account of default in the payment of interest. He claims to have advertised and sold the property, at public auction, on the premises, August 28, 1882, and to have declared it sold to " Emma Taylor." On the same day he made a deed to said " Emma Taylor," conveying to her the said property as sold at said sale.

The sale seems to have been advertised one time in a weekly paper under date August 16, 1882. The evidence with respect to the sale is substantially the same as that commented on in the preceding case of *Brown* v. *McIntire*, with the exception of the single advertisement referred to above.

We are satisfied that no sale was actually had as claimed, as well as that there is no such person in existence as the so-called Emma Taylor, to whom Edwin A. McIntire pretended to make a deed as purchaser.

McIntire collected rents upon the property prior to said pretended sale, and afterwards, until the sale to Alfred Brown, for which he has never accounted.

On May 14, 1883, he sold the property to Alfred Brown for $1,200, of which $200 was paid in cash, and the remainder secured on the property. The whole of the purchase money was paid by said Brown before the institution of this suit. Brown did not see the said " Emma Taylor," and supposed that McIntire was her agent. On May 14, 1883, he received from said McIntire a deed which purported to have been signed by " Emma Taylor," and acknowledged as usual before William Helmick, justice of the peace.

Complainants had no reason to suspect the fraud that had been perpetrated upon them until a short time before the institution of their suit; when they learned, as others had, of the fact with respect to the existence of the so-called " Emma Taylor."

Under all the circumstances of the case we do not think that complainants have lost their remedy through laches.

The decree appealed from must be reversed with costs to the appellants.  The cause will be remanded to the court below, where an account will be taken of the principal and interest due on the note of September 7, 1881, to the time of the sale to Albert Brown ; and also of the rents that may have been collected to the time of the pretended sale under said trust deed, and of the reasonable value of the rents and profits of the premises from that time until the sale to Alfred Brown.  After crediting the said note and interest with the amount of the rents and profits aforesaid, less taxes that defendant may show that he has paid on said property, a decree will be entered in favor of the complainants, against the defendant, for the differences between the balance found to be due on the note aforesaid, and the amount which defendant received from said Alfred Brown on the sale of the premises, with interest thereon to date.  All costs will be taxed against the defendant.  It is so ordered.

*Reversed.*